UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KYRA L. PARDUE )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ANDREW RAYMOND, )<br>THOMAS SAYRE, )<br>CHRISTOPHER BROWN, )<br>AMY GAGNE, TRAVIS BELLEARD, )<br>ERIC BILODEAU, ERIC SMALL, )<br>& CRAIG ANDERSON )<br>)<br>Defendants ) | No. 2:23-cv-00332-LEW |

## **ORDER ON PLAINTIFF'S MOTION TO STRIKE**

Pro se plaintiff Kyra L. Pardue brings constitutional and state law claims against several members of the Sanford Police Department stemming from two separate arrests. Before the Court is Plaintiff's Motion to Strike (ECF No. 101). For the following reasons, Plaintiff's motion will be denied.

### **BACKGROUND**

A full factual background is not necessary for a ruling on Plaintiff's Motion to Strike. I leave that more detailed backdrop to my companion order on Defendant's Motion for Summary Judgment (ECF No. 87) and provide a less lengthy but relevant procedural background here.

Last year, Ms. Pardue filed suit against the City of Sanford, the Mayor of Sanford, the City Manager of Sanford, the Sanford Police Department, the Chief of Police, the

Deputy Chief, and several police officers. Ms. Pardue alleged Defendants violated her constitutional rights and Maine law when Sanford police arrested her on two separate occasions. Sanford and its Mayor, City Manager, Police Department, Chief of Police, and Deputy Chief filed a Motion to Dismiss (ECF No. 26). I granted that motion in part, dismissing Sanford and its Mayor, City Manager, and Police Department from this case. Order on Mot. to Dismiss (ECF No. 38).

Following my order on the Motion to Dismiss, the only remaining defendants were certain named Sanford police officers, the Chief of Police, and the Deputy Chief. Defendants have filed a Motion for Summary Judgment (ECF No. 87). Per Local Rule 56(b), Defendants also filed a Statement of Material Facts (ECF No. 86), with citations to the underlying record.

Ms. Pardue requested, and was granted, two extensions to file her response to Defendants' summary judgment motion (ECF Nos. 88-89, 90-91). Ms. Pardue then filed her Response (ECF No. 92) but, four days later, filed a third Motion to Extend Time (ECF No. 93). I dismissed this motion as moot (ECF No. 94). This caused some confusion. Ms. Pardue filed a Motion to Dispute (ECF No. 97) my dismissal of her motion. I denied this motion and explained that I would consider Ms. Pardue's response arguments in ruling on the motion for summary judgment. Ms. Pardue sent the Court a Letter (ECF No. 99) apologizing for the confusion and requesting I ignore her Motion to Dispute.

Once the confusion cleared, Defendants filed their summary judgment Reply (ECF No. 100). In it, Defendants pointed out some procedural defects in Ms. Pardue's

Response.[1]  Ms. Pardue then filed a Motion to Strike her own Response and requested I allow her to submit a new response.  Defendants object and request I deny the Motion to Strike and rule on the summary judgment papers as they were originally submitted.

## DISCUSSION

I am mindful that Ms. Pardue is proceeding on her own and without the assistance of counsel.  The procedural rules can be complex even to attorneys.  "Courts are generally more relaxed about compliance with procedural rules when a litigant is acting pro se." *Fusco v. Rogers*, No. 18-cv-00290, 2019 WL 1387686, at*3 (D. Me. Mar. 27, 2019).  For instance, the Supreme Court has directed that pro se complaints should be construed liberally.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  Nonetheless, the First Circuit has "consistently held that a litigant's pro se status [does not] absolve him from compliance with the Federal Rules of Civil Procedure." *F.D.I.C. v. Anchor Props.*, 13 F.3d 27, 31 (1st Cir. 1994).  "This applies with equal force to a district court's procedural rules."  *Id.*

The rules of procedure allow a party to move for the Court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).  Those same rules make clear a response in opposition to a motion for summary judgment is not a pleading but falls into the category of "Motions and Other Papers."  Fed. R. Civ. P. 7.  This is grounds to deny a motion to

---

[1] Those defects are addressed in my companion order on summary judgment.

strike summary judgment materials. *See United States v. H&S Realty Co.*, 647 F.Supp. 1415, 1418 (D. Me. 1986).[2]

Ms. Pardue's response in opposition to the motion for summary judgment will not be struck.[3] I have extended some generosity to Ms. Pardue and have considered her request to reissue her response as a motion to file a surreply (i.e., a response to Defendants' latest summary judgment arguments). But after consideration, I do not find a surreply is warranted.

"Neither the Federal Rules nor the Local Rules permits a party to file a surreply to the moving party's reply. Local Rule 7 instead reflects the Court's need for finality and only allows parties to file a motion, a response, and a reply 'strictly confined to replying to new matter raised in the objection or opposing memorandum.'" *Aero Union Corp. v. Aircraft Deconstructors Intern. LLC*, 2012 WL 3679627, at *9 (D. Me. Aug. 24, 2012) (quoting D. Me. Loc. R. 7). "A surreply is appropriate where a party has not had the opportunity to contest matters introduced for the first time in the opposing party's reply." *Animal Welfare Inst. v. Martin*, 588 F.Supp.2d 70, 81 (D. Me. 2008). But the issue "must be truly new." *Id.*

---

[2] Moreover, this Court's Local Rules expressly forbid motions to strike statements of material fact. D. ME. LOC. R. 56(e).

[3] In her Motion to Strike, Ms. Pardue cites some significant personal and family medical and mental health issues. I sympathize with those struggles, and I do not refuse to strike her response lightly. However, the more appropriate course of action would have been for Ms. Pardue to continue requesting extensions, which she was clearly capable of. Instead, Ms. Pardue filed a response then attempted to strike it once Defendants had replied. That abuse of the procedural rules cannot be forgiven, even under the relaxed enforcement given to self-represented parties.

The issue here is not "new" for purposes of warranting a surreply. Defendants' only new argument in its reply was to point out Ms. Pardue had failed to follow this Court's local rules and therefore Defendants' statement of facts should be deemed admitted. As I cover in my companion order, the First Circuit expects Ms. Pardue to comply with this Court's rules surrounding summary judgment papers. Her compliance with those rules is not a "new matter" requiring more argument. In fact, this Court has asked Ms. Pardue twice to review the Handout for Self-Represented (Pro Se) Parties after she failed to follow procedural rules. *See* Order Pursuant to Fed. R. Civ. P. 5(a)(1)(B) (ECF No. 83); Order Denying Mot. to Compel (ECF No. 81).

In any event, it does not appear that Ms. Pardue wants to respond to Defendant's arguments substantively or to correct any procedural defects. Much of Ms. Pardue's arguments for a new filing focus on personally attacking Defendants' counsel and her law firm. Even the most generous readings of Ms. Pardue's filings indicates a surreply would not address any of Defendants' summary judgment arguments beyond calling the Defendants liars. That is not how facts are disputed at the summary judgment stage and the "right of self-representation is not a license not to comply with relevant rules of procedural and substantive law." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir.1985) (internal quotations omitted).

## CONCLUSION

For the foregoing reasons Ms. Pardue's Motion to Strike (ECF No. 101) is DENIED.

**SO ORDERED.**

Dated this 8th day of July, 2025.

                                              /s/ Lance E. Walker
                                              Chief U.S. District Judge